IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT R. BINON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 2:16-cv-657-WKW-SRW |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 11, 2016, plaintiffs Robert R. Binion, John A. Wright, Bernice Atchison, Ferrell Oden, and Michael Stovall commenced this lawsuit *pro se*[1] against defendants United States Department of Agriculture ("USDA") and Secretary Tom Vilsack.[2] *See* Doc.

---

[1] A party who proceeds *pro se* represents himself and acts without an attorney. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 n.16 (11th Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted)). In the Eleventh Circuit,

> The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. One who proceeds *pro se* with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced right. Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.

*Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov.1981) (*per curiam*) (citations omitted)).

[2] The current Secretary of Agriculture is former Georgia Governor Sonny Perdue, who took office on April 25, 2017. The plaintiffs sue former Secretary Vilsack exclusively in his official capacity. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Sonny Perdue is substituted for Tom Vilsack, Secretary of the United States Department of Agriculture, as a defendant in this lawsuit. The Clerk of Court is DIRECTED to take the appropriate steps to reflect this change on the docket sheet.

1. The plaintiffs subsequently filed a motion for leave to file an amended complaint, and they attached a proposed amended complaint as an exhibit to the motion. *See* Doc. 3; Doc. 3-1. The court granted plaintiffs' motion, and the plaintiffs filed an amended complaint.[3] *See* Doc. 10; Doc. 11. In the amended complaint, plaintiffs seek a declaratory judgment and injunctive relief against defendants under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 707 *et seq. See* Doc. 11.

All plaintiffs seek relief that is inextricably intertwined with class action litigation – which the parties collectively refer to as the "*Pigford* litigation" or "*Pigford* claims" – that is the subject of settlement agreements and a consent decree in the United States District Court for the District of Columbia, *See, e.g.,* Doc. 11; Doc. 21; Doc. 23; Doc. 29, Doc. 30, and Doc. 31. *See also Pigford v. Glickman*, 185 F.R.D. 82 (D.D.C. 1999), *affirmed by Pigford v. Glickman*, 206 F.3d 121 (D.C. Cir. 2000). The *Pigford* litigation is "a class action lawsuit in which black farmers sued the U.S. Department of Agriculture (USDA)."

---

[3] The amended complaint is somewhat different from the proposed amended complaint that was submitted as an exhibit to the motion for leave to file an amended complaint. However, the original complaint, proposed amended complaint, and amended complaint are all "quintessential 'shotgun' pleading[s]." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). The pleadings and proposed amended complaint fail to set out "a short and plain statement" of the parties' claims or the source of this court's subject matter jurisdiction as to all claims by the plaintiffs in the manner required by Federal Rule of Civil Procedure 8(a). *See also id.* "[A]ny allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Id.* Moreover, the plaintiffs utterly disregard Federal Rule of Civil Procedure 10(b), which requires that individual claims be set out in separate counts. Ordinarily, the proper course when a court is confronted with a shotgun complaint is to order repleader. *See id.* ("In the past when faced with complaints like this one, we have vacated judgments and remanded with instructions that the district court require plaintiffs to replead their claims.") (citing *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 910 (11th Cir. 1996)). However, repleader will not serve the interests of justice in this case as it is evident from the amended complaint that the plaintiffs' claims are due to be dismissed for lack of subject matter jurisdiction or, as to plaintiff Oden's non-*Pigford* claims, they are brought in the wrong venue. Thus, because another amended complaint cannot cure the jurisdictional and venue defects of the amended complaint, the court will not order repleader.

*Slaughter v. U.S. Dep't of Agric.*, 555 F. App'x 927, 928 (11th Cir. 2014). As for non-*Pigford* claims, plaintiff Oden alleges that he "has pending discrimination complaints with the [USDA] Office of Civil Rights." Doc. 11 at 10. He "has received a partial settlement … but [has] yet to be made whole for the total damages of discrimination against him." *Id*. He asserts that he is entitled to a hearing before the USDA on his remaining complaints. *See id.*

There are several motions before the court: (1) plaintiffs' motion to compel the defendants to "complete [a] running record" for plaintiffs Binion, Wright, and Atchison; (2) defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, motion for summary judgment as to the claims brought by plaintiffs Binion, Wright, and Atchison; (3) defendants' motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion for summary judgment as to the claims brought by plaintiffs Oden and Stovall; (4) plaintiffs' motion for partial summary judgment; (5) plaintiffs' motion to defer ruling on defendants' motions for summary judgment and for discovery; (6) plaintiff Stovall's motion for an order to secure a lien release; and (7) plaintiffs' motion to bifurcate the *Pigford* litigation claims or, in the alternative, to transfer venue of the *Pigford* litigation claims to the United States Court of Federal Claims. *See* Doc. 17; Doc. 20; Doc. 22; Doc. 25; Doc. 26; Doc. 28; and Doc. 30. On August 16, 2016, Chief United States District Judge William Keith Watkins referred this matter to the undersigned Magistrate Judge for disposition or recommendation on all

pretrial matters pursuant to 28 U.S.C. § 636(b). *See* Doc. 2. The motions have been taken under submission on the record without oral argument. Defendants' motions to dismiss for lack of subject matter jurisdiction and for improper venue are due to be granted, and, consequently, the remaining motions are moot.[4] For the reasons discussed herein, the court lacks subject matter jurisdiction over the plaintiffs' claims related to the *Pigford* litigation, and those claims are due to be dismissed without prejudice. In addition, plaintiff Oden brings non-*Pigford* claims in the wrong venue, and those claims are due to be dismissed without prejudice.

**DISCUSSION**

**I.     The *Pigford* Litigation Claims**

The plaintiffs allege violations of the *Pigford* consent decree entered by the United States District Court for the District of Columbia, but they seek redress in this court. According to the amended complaint, plaintiffs were members of either "Track" A or B under the *Pigford* consent decree.[5] Doc. 11 at 7-9. All plaintiffs request relief related to the *Pigford* litigation. *See id.* at 17-18. The plaintiffs allege that they collectively "suffer the

---

[4] Also, the parties raise numerous legal arguments that are not addressed here, most notably defendants' argument that the plaintiffs' claims are barred by *res judicata*. The court has reviewed all the parties' arguments in analyzing the motions at bar; however, it does not express any opinion with respect to those arguments that are not specifically discussed.

[5] Plaintiffs Binion and Wright were Track A claimants. *See* Doc. 11 at 7-8. The plaintiffs allege that they were all Track B claimants at some time. *See id.* at 9. According to the amended complaint, under Track B, the USDA considers claims in two stages. *See id.* The first stage is an informal settlement process overseen by the Director of the Office of Civil Rights ("OCR"). The second stage "begins when a complainant requests a formal on-the-record hearing" before an ALJ. *Id.* at 10. "The judgment of the ALJ becomes final after 35 days unless either the complainant requests review by the Assistant Secretary for Civil Rights or the Assistant Secretary *sua sponte* decides to review it." *Id.*

same injury," which is that the USDA failed to provide them a timely hearing before an Administrative Law Judge ("ALJ"). *Id.* at 2. The plaintiffs request that the court (1) enter a declaratory judgment that they are entitled to an expedited hearing before an ALJ, (2) review any adverse decision by the ALJ, (3) award them an injunction against Secretary Vilsack requiring him "to provide a running record" to the plaintiffs, (4) declare the county committee system used by the USDA to process and issue decisions on loan applications unconstitutional pursuant to the Civil Rights Act of 1964,[6] and (5) declare that the "organizational hierarchy" developed within the USDA is unconstitutional. Doc. 11 at 17-18.

In defendants' motion to dismiss or, in the alternative, motion for summary judgment, the defendants argue that the *Pigford* claims asserted by Binion, Atchison, and Wright are due to be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Doc. 20; Doc. 21. Because of the shotgun nature of the amended complaint, defendants understandably misread that complaint not to assert *Pigford* claims on behalf of plaintiffs Stovall and Oden, and as a result defendants do not challenge subject matter jurisdiction as to the *Pigford* claims by those plaintiffs. Nevertheless, Stovall and Oden do assert *Pigford* claims in the amended complaint, *see* Doc. 11 at 9, 17-18, and the court is obligated to dismiss claims over which it lacks subject matter jurisdiction *sua sponte*. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into

---

[6] The plaintiffs allege that the county committee system was also the subject of the *Pigford* litigation. *See* Doc. 11 at 15; *see also Pigford*, 185 F.R.D. 82.

subject matter jurisdiction *sua sponte* whenever it may be lacking."). Accordingly, the court assesses its subject matter jurisdiction as to the *Pigford* claims by all plaintiffs.

The Rule 12(b)(1) standard of review was summarized in *Greenwell v. University of Alabama Bd. of Trustees*, No. 7:11–CV–2313–RDP, 2012 WL 3637768 (N.D. Ala. Aug. 22, 2012). The court explained:

> Challenges to subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can exist in two substantially different forms: facial attacks and factual attacks. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). When presented with a facial attack on the complaint, the court determines whether the complaint has sufficiently alleged subject-matter jurisdiction. *Sinaltrainal*, 578 F.3d at 1260. The court proceeds as if it were evaluating a Rule 12(b)(6) motion; that is, it views the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true. *Id.*
>
> On the other hand, factual attacks question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). When a court is confronted with a factual attack, the standard of review diverges considerably:
>
>> [T]he trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.
>
> *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)). When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally

> preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion. *Jones v. State of Ga.*, 725 F.2d 622, 623 (11th Cir. 1984).

*Greenwell*, at *5 (alterations in original); *see also McCoy v. Mallinckrodt Pharm., Inc.*, No. 2:15CV00723-MHT-PWG, 2016 WL 1544732, at *2 (M.D. Ala. Mar. 23, 2016), *report and recommendation adopted*, No. 2:15CV723-MHT, 2016 WL 1465967 (M.D. Ala. Apr. 14, 2016) (quoting *Greenwell* standard of review).

The challenge before the court is a facial challenge. The court has not examined matters outside of the pleadings, and need not do so, when assessing its subject matter jurisdiction over the plaintiffs' *Pigford* claims.

This lawsuit is not the first time that a *Pigford* class member has sought relief from a court in the Eleventh Circuit regarding the United States District Court for the District of Columbia's consent decree. In *Slaughter*, a prevailing *Pigford* class member alleged violations of the *Pigford* consent decree in the United States District Court for the Middle District of Georgia. 555 F. App'x 927. That Court dismissed the *Pigford* claims for lack of subject matter jurisdiction, and the plaintiff appealed. *See id.* The Eleventh Circuit held that a District Court "does not have an independent basis for jurisdiction to enforce violations of the *Pigford* Consent Decree. The only court that reserved jurisdiction to enforce Consent Decree violations was the District Court for the District of Columbia." *Id.* at 929. In reaching its decision, the Eleventh Circuit reasoned, in relevant part, as follows:

> Enforcing a settlement agreement generally falls outside the ancillary jurisdiction of the federal courts, even where the court had jurisdiction to hear the underlying case. *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d

7

> 1272, 1278 (11th Cir. 2012). A claim for the enforcement of a settlement agreement is essentially a contract dispute for which there must be some independent basis for federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994). However, a court may specifically retain jurisdiction to enforce a settlement agreement or consent decree through its contempt power. *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1319–21 (11th Cir.2002).

*Id.*

The plaintiffs acknowledge the *Slaughter* decision in their response to defendants' motion to dismiss for lack of subject matter jurisdiction, and assert that *Pigford* claims "can only be enforced in the [District Court for the District of Columbia] or the Court of Federal Claims." Doc. 29 at 7. At no point do the plaintiffs argue that this court has subject matter jurisdiction over their *Pigford* claims, and they do not explain why *Slaughter* is inapplicable to the instant case – or why they sought relief in this court given that decision.

While the *Slaughter* decision is unpublished and, consequently, is not binding on this court, *see United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1138 n. 4 (11th Cir. 2004) and 11th Cir. R. 36-2, both *Slaughter* and the plaintiffs' response to defendants' motion to dismiss for lack of subject matter jurisdiction persuade the court that it does indeed lack subject matter jurisdiction over the parties' *Pigford* litigation claims. In addition, it is clear that the court that enters a consent decree is the proper forum for matters related to that judgment to avoid the possibility of conflicting rulings by other courts. Because a court is powerless to act once it finds that it lacks subject matter jurisdiction except to dismiss the claims over which it does not have jurisdiction without prejudice, the court does not reach

or consider the parties' substantive arguments or requests for relief regarding the *Pigford* claims.[7] *See Univ. of S. Ala.*, 168 F. 3d at 410-11.

Accordingly, the claims brought by plaintiffs Binion, Atchison, Wright, and Stovall,[8] which are *Pigford* claims, are due to be dismissed without prejudice, and plaintiff Oden's *Pigford* claims should be dismissed without prejudice.

---

[7] The plaintiffs allude to a non-*Pigford* "civil rights" claim in the motion to bifurcate or, alternatively, to transfer venue. Doc. 30 at 1. In the amended complaint, the plaintiffs do not plead any facts that could be liberally construed to state a civil rights claim against the defendants that is independent of the *Pigford* litigation. *See* Doc. 11; Doc. 30. As a result, no such claim is pending before this court. *See* Fed. R. Civ. P. 8(a) (a plaintiff's complaint must set out the legal claims and a factual basis for those claims).

[8] Defendants argue in their brief in support of the motion to dismiss or, in the alternative, motion for summary judgment as to the claims brought by Stovall and Oden that the amended complaint contains non-*Pigford* claims brought by Stovall. *See* Doc. 23. The defendants do not explain their basis for concluding that Stovall brings non-*Pigford* claims based on the amended complaint, and the court finds no allegations in the amended complaint which support non-*Pigford* claims by Stovall. *See* Doc. 11. The plaintiffs reiterate, in their response to the motion to dismiss or, alternatively, for summary judgment as to Stovall's and Oden's claims, their allegation in the amended complaint that "Stovall is a Track B *Pigford* Claimant[.]" Doc. 29 at 7. According to defendants, Stovall has a long history of agency complaints and litigation against the USDA and former Secretary Vilsack, beginning in 1998. *See* Doc. 23 at 6. The defendants recite Stovall's litigation history against the USDA and former Secretary Vilsack, and they attempt to guess at claims Stovall might have intended in the amended complaint based on his previous lawsuits, but such guesswork is unnecessary. The court will look only to the amended complaint to determine what claims are pending. Plaintiffs themselves allege that Stovall is a Track B *Pigford* claimant, and the requested relief flows from that allegation, which is the only factual information in the amended complaint regarding Stovall. Thus, the court concludes that Stovall only brings *Pigford* claims, as there is no basis in the amended complaint for non-*Pigford* claims by that plaintiff.

Curiously, the plaintiffs argue, in opposition to the defendants' motion to dismiss or, alternatively, for summary judgment, that Stovall is a Track B member of the *Pigford* case, but "[h]ere, he is not asking the court to decide or enforce the Consent Decree, like the co-[plaintiffs] …." *Id.* However, in the amended complaint, Stovall makes *Pigford* litigation claims, *see* Doc. 11 at 17-18, and he seeks relief that is available through the consent decree. Plaintiffs' arguments in opposition to dismissal of Stovall's claims suggest that they believe he is pursuing both *Pigford* litigation claims and a separate claim for a violation of "his right to Due Process" under the Fifth Amendment, for which he "simply ask[s] the court to … [order] a formal hearing on the merits before the ALJ, as mandated by … the 2008 Farm Bill." Doc. 29 at 8. However, no such due process claim is pled in the amended complaint even under a liberal reading of that pleading, and plaintiffs cannot further amend their amended complaint in a brief in response to a motion. *See* Fed. R. Civ. P. 15 (setting out time limitations and rules for filing an amended pleading); *see also, e.g., Jallali v. Nova Se. Univ., Inc.*, 486 F. App'x 765, 767 (11th Cir. 2012) ("[A] party cannot amend a complaint by attaching documents to a response to a motion to dismiss."). Through their filing of a Rule 15 motion early in these proceedings, the plaintiffs have demonstrated that they are aware of the requirements of Federal Rule of Civil Procedure 15 – i.e., that they must secure leave of court before filing an amended complaint. Plaintiffs

## II. Plaintiff Ferrell Oden's non-*Pigford* claims

The defendants move to dismiss for lack of proper venue, *see* Fed. R. Civ. P. 12(b)(3), or, alternatively, to dismiss for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), those claims filed by Oden's claims that the defendants assert are not related to the *Pigford* litigation. *See* Doc. 22; Doc. 23. Alternatively, defendants move for summary judgment as to Oden's non-*Pigford* claims. *See id.* Because the court concludes that venue is improper, the undersigned does not consider and makes no findings with respect to defendants' Rule 12(b)(6) motion to dismiss or the motion for summary judgment.

Plaintiff Oden avers that he "has pending discrimination complaints with the [USDA] Office of Civil Rights," he "has received a partial settlement … but [he has] yet to be made whole for the total damage of discrimination against him." Doc. 11 at 10. He contends that he is entitled to hearings on his remaining complaints. *See id.* Oden also alleges that, in 2016, an unnamed "Judicial Officer" determined that his claims are barred by *res judicata*, and that the holding is erroneous. *Id.* He seeks an order from this court directing an ALJ to "adjudicate all pending claims." *Id.* at 14; Doc. 29 at 3. Those claims are identified as "claims two and three," and the plaintiffs assert that "jurisdiction" lies "solely" with the United States Court of Federal Claims. Doc. 11; Doc. 29 at 3.

Defendants point out that Oden currently has a lawsuit pending in the Court of Federal Claims which seeks relief that is identical to his non-*Pigford* claims in this case.

---

filed no Rule 15 motion with respect to amending the pleadings to assert a due process claim on behalf of Stovall, and that claim is not properly before the court. *See* Fed. R. Civ. P. 8(a).

*See* Doc. 23 at 12 (citing *Oden v. United States*, Civil Action No. 16-01579 (Fed. Claims)). Also, defendants note that Oden previously pursued, unsuccessfully, a lawsuit regarding this dispute in the United States District Court for the Southern District of Alabama. *See id.* (citing *Oden v. Vilsack*, Civil Action No. 10-cv-00212-KD-M (S.D. Ala.). Oden does not contest the veracity of defendants' assertions regarding his history of related litigation. Rather, he attempts to distinguish the Southern District of Alabama lawsuit and, again, insists that the "exclusive jurisdiction" for this case is in the Court of Federal Claims. Doc. 29 at 3.

In short, defendants accuse Oden of forum shopping. *See* Doc. 23 at 12. The defendants argue that Oden's non-*Pigford* claims should be severed from the *Pigford* claims in this case, and that they should be dismissed without prejudice for improper venue.

The court agrees with defendants that, pursuant to Federal Rule of Civil Procedure 21, a court may *sua sponte* or on a motion, "on just terms," drop improperly joined parties or sever claims at any time. Fed. R. Civ. P. 21; Doc. 23 at 9 n.1. However, misjoinder of parties is not basis for dismissal. *See* Fed. R. Civ. P. 21. Oden's claims against the defendants are wholly unrelated to the *Pigford* litigation claims presented in this lawsuit. The interests of justice and judicial economy might be served by severing Oden's *Pigford* claims from his non-*Pigford* claims, and opening a new case for those claims – except that the new case should be immediately dismissed without prejudice. *See Hofmann v. De Marchena Kaluche & Asociados*, 642 F.3d 995, 998 (11th Cir. 2011) (*per curiam*) ("A severed claim under Rule 21 proceeds as a discrete suit."). Such an approach would serve no useful purpose and would waste judicial resources. Accordingly, the court concludes

that Oden's non-*Pigford* claims should be dismissed without the fiction of opening a separate lawsuit for that purpose. *See* Fed. R. Civ. P. 21 (severing a claim or dropping a party is in the discretion of the court under just terms).

Venue is governed by 28 U.S.C. § 1391(e), which provides that

a civil action in which a defendant is an officer … of the United States or any agency thereof acting in his official capacity … may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of this action is situated, or (3) the plaintiff resides if no real property is involved in the action.

*Id.* "The plaintiff has the burden of showing that venue in the [chosen] forum is proper." *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (citation omitted). Here, Oden is adamant in both the amended complaint and in his opposition to the defendants' motion to dismiss that the proper venue for his non-*Pigford* claims is in the Court of Federal Claims. Importantly, there is no independent basis in the amended complaint for venue in this court as to Oden's non-*Pigford* claims. *See id.*; 28 U.S.C. § 1391(e); Doc. 11.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Oden does not dispute that he has an identical lawsuit proceeding in the Court of Federal Claims, the interests of justice are not served by transferring the non-*Pigford* claims to that court. Instead, pursuant to § 1406(a), the defendants' motion to dismiss without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(3) is due to be granted.

## CONCLUSION AND RECOMMENDATION

For the reasons stated herein, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion to dismiss the plaintiffs' *Pigford* litigation claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), *see* Doc. 20, be GRANTED, and plaintiffs' *Pigford* litigation claims be DISMISSED WITHOUT PREJUDICE;

2. The defendants' alternative motion for summary judgment, *see* Doc. 20, be DENIED as moot;

3. The defendants' motion to dismiss the non-*Pigford* claims asserted by plaintiff Oden due to improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), *see* Doc. 22, be GRANTED, and Oden's non-*Pigford* claims be DISMISSED WITHOUT PREJUDICE;

4. The defendants' motion to dismiss the non-*Pigford* claims asserted by plaintiff Stovall due to improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), *see* Doc. 22, be DENIED as moot;

5. The defendants' alternative motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and defendants' alternative motion for summary judgment as to the non-*Pigford* litigation claims, *see* Doc. 22, be DENIED as moot;

6. The remaining motions, *see* Doc. 17; Doc. 25; Doc. 26; Doc. 28; and Doc. 30, be DENIED as moot; and

7. This case is due to be closed.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties. The parties may file any objections to this Recommendation on or before September 21, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 7th day of September, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge