IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT R. BINION, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:16-CV-657-WKW |
| | ) (WO) |
| UNITED STATES DEPARTMENT | ) |
| OF AGRICULTURE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On September 7, 2017, the Magistrate Judge filed a Recommendation. (Doc. # 33.) On September 20, 2017, Plaintiffs filed Objections. (Doc. # 33.) Also on September 20, 2017, Plaintiffs filed a proposed second amended petition for declaratory judgment and a motion for summary judgment, which is construed as containing a motion to amend and a proposed amended complaint. (Doc. # 34.) Plaintiffs filed a second motion to amend on September 21, 2017. (Doc. # 35.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

### I. DISCUSSION

**A. Dismissal of *Pigford* Claims**

Plaintiffs do not contest that this court lacks jurisdiction over their *Pigford* claims. In fact, Plaintiffs' proposed second amended complaint (Doc. # 34)

purports not to contain *Pigford* claims. The Magistrate Judge correctly concluded that Plaintiffs' *Pigford* claims are due to be dismissed without prejudice for lack of subject matter jurisdiction.

**B.     Dismissal of Non-*Pigford* Claims**

The Magistrate Judge concluded that Plaintiff Oden's non-*Pigford* claims are due to be dismissed without prejudice on grounds that those claims already are being litigated in the Court of Federal Claims and on grounds that Plaintiff Oden already has litigated his non-*Pigford* claims to a final judgment in the Southern District of Alabama. Plaintiffs do not point out any specific legal or factual error in the Magistrate Judge's conclusion that Plaintiff Oden's non-*Pigford* claims are subject to dismissal. The court finds no error in the Recommendation with respect to dismissal Plaintiff Oden's non-*Pigford* claims. *See United States v. Beane*, 841 F.3d 1273, 1283 (11th Cir. 2016) (setting forth the elements of res judicata and collateral estoppel); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."); *Aadyn Tech., LLC v. Prof'l LED Lighting, Ltd.*, No. 14-CIV-61376, 2014 WL 12489975, at *3 (S.D. Fla. Dec. 10, 2014) (collecting cases in support of the conclusion that,

"[b]ecause the first-filed doctrine involves a court's exercise of jurisdiction, a court may (and indeed, should) raise the issue *sua sponte*").

After noting Plaintiff Stovall's contention that he sought to present non-*Pigford* claims, the Magistrate Judge explained that the amended complaint does not lend itself to any reasonable construction that would include such claims. (Doc. # 32 at 9.) In their Objections, Plaintiffs present no specific legal argument or factual information that would call into question the Magistrate Judge's construction of the amended complaint, which is a reasonable construction even in light of the liberal construction due *pro se* litigants. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 666 (2009) (holding that the leniency shown to *pro se* litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action" (citations and internal quotation marks omitted)).

In their Objections, Plaintiffs present a conclusory argument that they all raised non-*Pigford* claims, and that their non-*Pigford* claims should not be dismissed for lack of jurisdiction. Plaintiffs present no additional information, specific factual averments, or legal argument about the circumstances or timing of any alleged violation(s) of their constitutional rights that could explain why the

Magistrate Judge erred in concluding that, other than Plaintiff Oden's non-*Pigford* claims, all the claims raised in the complaint were *Pigford* claims.[1]

**C.      Motions to Amend**

In their motion to amend (Doc. # 35), which purports to serve as a "second amended petition for declaratory judgment," Plaintiffs seek declaratory judgment on their non-*Pigford* claims. However, Plaintiffs do not provide any factual allegations explaining which of them have non-*Pigford* claims (other than those non-*Pigford* claims discussed in the Recommendation) or explaining the factual basis of those claims. Construed liberally in the light most favorable to the *pro se* Plaintiffs, the proposed amended complaint for declaratory judgment (Doc. # 35), at most, is an attempt to reassert whatever non-*Pigford* claims they asserted in the amended complaint and that previously were the subject of the Recommendation for dismissal. Plaintiffs' attempt to reassert those claims in a second amended complaint for declaratory judgment is futile because Plaintiffs have not corrected any of the deficiencies in those claims already pointed out in the Recommendation.

Among the claims Plaintiffs are attempting to assert in the second amended complaint is a claim that Plaintiffs were deprived of due process by an agency rule that precludes a hearing before an administrative law judge except upon the

---

[1] In the amended complaint, Plaintiff Binion contends that he "requested a formal hearing on the merits for an accepted discrimination complaint in 2013." (Doc. # 11 at 8.) However, Plaintiff Binion has not provided any factual allegations or argument to explain why his 2013 discrimination complaint arises out of a non-*Pigford* claim.

4

referral of the Assistant Secretary of Civil Rights.  That claim is futile because it necessarily involves claims that are currently being litigated in another court or have previously been litigated in another court.  (Doc. #34 at 7 (describing the rule and citing to "Exhibit 1, Oden Final Agency Decision" as an agency statement of the rule); Doc. # 29-1 (the Department of Agriculture's September 5, 2014 letter to Plaintiff Oden explaining the agency's rule that "authority to resolve *claims against USDA pending in court* rests with the DOJ" (emphasis added)).  *See Beane*, 841 F.3d at 1283 (setting forth the elements of res judicata and collateral estoppel); *Manuel*, 430 F.3d at 1135 (explaining the operation of the first-filed rule).

Because the motions to dismiss (Doc. # 34; Doc. # 35) are due to be denied as futile, they do not preclude dismissal on the grounds stated in the Recommendation.  *See Laborers Local 938 Joint Health & Welfare Tr. Fund v. B.R. Starnes Co. of Fla.*, 827 F.2d 1454, 1456 n.1 (11th Cir. 1987) ("Although, pursuant to Fed. R. Civ. P. 15(a), leave to amend is to be freely given where justice so requires, there is no obligation to allow amendment if to do so would be futile.").

## II.  CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiffs' Objections (Doc. # 33) are OVERRULED.

5

2. The Recommendation (Doc. # 32) is ADOPTED.

3. Defendants' motion (Doc. # 20) to dismiss Plaintiffs' *Pigford* litigation claims for lack of subject matter is GRANTED, and Plaintiffs' *Pigford* litigation claims are DISMISSED without prejudice.

4. Defendants' alternative motion for summary judgment (Doc. # 20) is DENIED as moot.

5. Defendants' motion (Doc. # 22) to dismiss Plaintiff Oden's non-*Pigford* claims due to improper venue is GRANTED, and Oden's non-*Pigford* claims are DISMISSED without prejudice.

6. Defendants' motion (Doc. # 22) to dismiss Plaintiff Stovall's non-*Pigford* claims due to improper venue is DENIED as moot on grounds that Plaintiff Stovall did not state a non-*Pigford* claim in the amended complaint.

7. Defendants' alternative motion (Doc. # 22) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Defendants' alternative motion (Doc. # 22) for summary judgment as to the non-*Pigford* litigation claims is DENIED as moot.

8. Plaintiffs' motion for partial summary judgment (Doc. # 25) is DENIED as moot.

9. Plaintiffs' motion to defer consideration of the motions to dismiss (Doc. # 26) is DENIED as moot.

10. Plaintiffs' motion to submit a tendered order (Doc. # 28) is DENIED as moot.

11. Plaintiffs' motion to bifurcate (Doc. # 30) is DENIED as moot.

12. Plaintiffs' motion to transfer venue (Doc. # 30) is DENIED.

13. Plaintiffs' motions to amend (Doc. # 34; Doc. # 35) are DENIED.

14. Plaintiffs' motion for summary judgment (Doc. # 34) is DENIED.

15. The motion compel (Doc. # 17) is DENIED as moot.

16. This action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 28th day of September, 2017.

                                           /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE